DANAHY, Chief Judge.
The appellant asks this court to review an order of the trial judge denying the appellant’s petition for writ of habeas corpus. Under the particular circumstances of this case, we affirm.
On May 29, 1985, the Governor of Texas signed extradition papers addressed to the Governor of Florida allegedly in regard to the appellant. On June 11, 1985, the Governor of Florida signed a fugitive warrant for the arrest of the appellant for the purpose of returning him to Texas. Following his arrest, the appellant filed a petition for writ of habeas corpus asking that he be released from custody on the ground that the extradition papers were defective in specific respects.
A hearing was held on the appellant’s petition, at which the appellant was absent but represented by counsel. The state presented supplementary documentation and the trial judge ruled that the extradition papers were in proper form. Accordingly, the trial judge denied the appellant’s petition for writ of habeas corpus.
On this appeal, the appellant does not challenge the ruling of the trial judge as to the sufficiency of the extradition papers. The only issue which he raises is that he had a right to be present at the hearing on the petition for writ of habeas corpus. In his briefs, the appellant asserts that he has rights under section 941.10, Florida Statutes (1985), and indicates that he may wish to raise the issues (a) whether the extradition documents on their face are in order; (b) whether the appellant has been charged with a crime in the demanding state; (c) whether the appellant is the person named in the request for extradition; and (d) whether the appellant is a fugitive. The appellant says that he was not present at the hearing on the reading of the extradition warrant and thus has been prevented from launching these attacks.
The problem is that the appellant cannot raise these issues in this proceeding. The appellant’s petition for writ of habeas corpus was limited to certain specific issues of law concerning the extradition papers which were decided adversely to him. He does not argue that the trial judge’s decision on those issues of law was incorrect. He merely says that we should reverse the denial of his petition for writ of a habeas corpus because he was not present at the hearing at which those issues were decided. We fail to see how the appellant’s absence was in any way prejudicial to him. Under the circumstances, reversal for the holding of another hearing on the appellant’s petition would be pointless. Accordingly, we affirm.
SCHEB, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.